**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30034 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00065-BLW-1 |
| v. | |
| ELAINE MARTIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted
May 5, 2015—Seattle, Washington

Before: GOULD and CHRISTEN, Circuit Judges and BLOCK,[**] Senior District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Elaine Martin appeals her convictions for fraud offenses related to her participation in government programs designed to benefit disadvantaged businesses. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

**1.** The district court did not abuse its discretion in admitting expert testimony about the requirements of the government programs. *See United States v. McFall*, 558 F.3d 951, 960 (9th Cir. 2009). Moreover, we see no merit to Martin's arguments that there was structural error or a due process violation as a result of the challenged evidence ruling. The expert testimony was introduced to show materiality, i.e., how, based on the rules governing the programs, particular statements—or misstatements—would tend to influence administrators' decisions. Materiality is a question of fact, *United States v. Gaudin*, 515 U.S. 506, 514 (1995), and government experts often testify about how government programs work and what statements influence administrators' decisions, *see, e.g.*, *United States v. Peterson*, 538 F.3d 1064, 1068, 1073 (9th Cir. 2008) (HUD official testifying as expert that the government relied on information submitted by defendant to determine whether it would insure a loan); *United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir. 2001) (government officials testifying

---

[1]   In a concurrently filed opinion, we vacate Martin's convictions for filing false tax returns, as well as her sentence.

about what factors are material in determining whether to grant immigrant visas). The government's experts testified that an applicant's assets were among the factors that determined program eligibility and that misrepresentation of the assets could affect a decision. The evidence about Martin's backdating a real estate transaction and misstating her assets in her personal statement could support the jury's conclusion that Martin lied about her net worth, and that those lies were material to the government's decision to admit her for participation in the programs for disadvantaged contractors.

2.      The district court did not plainly err in permitting the government to comment in its rebuttal argument at closing that the jury could infer guilt from documents even though Martin and her co-defendant, Daniel Swigert, who authored most of the documents, did not testify. There is no Fifth Amendment violation where the government's "reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel." *United States v. Robinson*, 485 U.S. 25, 32 (1988); *see also United States v. Norwood*, 603 F.3d 1063, 1067–70 (9th Cir. 2010) (as amended) (holding that there was no Fifth Amendment violation where defendant complained of police failure to test evidence and the government responded that defendant had never alerted police to facts that would have prompted the test).

Here, the government's challenged comments followed and were prompted by Martin's suggestion at closing that the government was afraid to present a witness with personal knowledge of the documents being discussed. This is allowed under *Robinson* and *Norwood*.

**3.** Except for evidentiary errors discussed in the concurrently filed opinion, we reject Martin's contentions related to specific alleged errors as well as her cumulative error claim.

**AFFIRMED.**